UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CARDOSO MOSQUERA (A-023-617-221),<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-8574 DJC CSK<br><br>ORDER |

Petitioner, a native and citizen of Cuba proceeding without counsel and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a request for appointment of counsel, and a motion for temporary restraining order. (ECF Nos. 1, 3, 4.) Petitioner seeks release because he was ordered removed from the United States on July 31, 2026, and alleges that respondents will not be able to obtain travel documents for his removal. (ECF No. 4 at 3.)

On October 21, 2026, the district court related this action to petitioner's prior case, Cardoso Mosquera v. Warden, No. 1:26-cv-7311 DJC CSK.[1] (ECF No. 9.) On October 22,

[1] In petitioner's prior case, the district court granted the petition for writ of habeas corpus, and ordered respondents to provide petitioner with a bond hearing within 14 days. No. 26-cv-7311 (ECF No. 8.) Respondents confirmed that petitioner was provided a custody redetermination hearing on October 5, 2026. Id. (ECF No. 12; ECF No. 12-1 at 1.) The immigration judge denied

2026, the district court referred this matter to the magistrate judge. (ECF No. 10.) Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents are directed to show cause why the writ should not be granted by filing an answer or motion to dismiss within 7 days from the date of this order. See 28 U.S.C. § 2243. In addition, respondents shall file an opposition to the motion for temporary restraining order within 7 days from the date of this order. Petitioner's reply, if any, shall be filed 10 days thereafter.

This Court will defer ruling on petitioner's request for appointment of counsel until after reviewing respondents' response to the petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondents are directed to file an answer or motion to dismiss, and an opposition to the motion for temporary restraining order, within 7 days from the date of this order. Respondents are warned that the failure to respond will be interpreted as non-opposition to granting the relief requested.

2. Petitioner's reply/traverse to an answer or opposition to a motion to dismiss, if any, and his reply to respondents' opposition to the motion for temporary restraining order, if any, is due within 10 days after being served with a copy of respondents' answer or motion to dismiss and their opposition to the motion for temporary restraining order. A reply by respondents to an opposition to a motion to dismiss is due within 7 days after being served with the opposition.

3. Each party proceeding without counsel shall keep the court informed of the current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of

---

bond, finding petitioner is both an active danger to the community based on his "extensive weapon-involved criminal record," and a "severe flight risk," because a final administrative order of removal has issued. Id. (ECF No. 12-1 at 1-3.)

Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. L.R. 182(f).

Dated: October 23, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/card8574.100.2241.imm.tro