UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL CARDOSO MOSQUERA (A-023-617-221),

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-08574-DJC-CSK

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner Manuel Cardoso Mosquera (A-023-617-221), an immigration detainee proceeding without counsel, filed a second verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On December 21, 1979, petitioner entered the United States as a Cuban refugee and obtained Lawful Permanent Resident ("LPR") status when he was ten years old. On May 11, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials. ICE initiated removal proceedings against petitioner based on his criminal conviction. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that respondents' motion to dismiss be granted.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a citizen and native of Cuba. (ECF No. 1 at 2.) On December 21, 1979, petitioner entered the United States and became an LPR when he was ten years old. (Id.) On May 17, 2024, petitioner plead guilty for aggravated stalking and was sentenced to five years of probation. (Id. at 3.)

On May 11, 2026, petitioner appeared at the probation office at his probation officer's request. (Id. at 4.) ICE officials arrested him and transferred him to ICE custody. (Id.) On May 11, 2026, Petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings. (ECF No. 15-6 at 5.) On July 31, 2026, an immigration judge ordered him removed to Cuba. (ECF No. 15-1.) Petitioner filed an appeal of the immigration judge's July 31, 2026 decision to the Board of Immigration Appeals ("BIA") which remains pending. (ECF Nos. 15-2; 15 at 1.)

## II. PROCEDURAL BACKGROUND

On September 10, 2026, petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California, challenging his detention. The district court granted his first petition and ordered a bond hearing before an immigration judge where the government bears the burden of proof to show that petitioner is a danger or flight risk by clear and convincing evidence. Mosquera v. Warden, Golden State Annex Det. Facility, No. 1:26-CV-07311-DJC-CSK, 2026 WL 2825389, at *1 (E.D. Cal. Sept. 21, 2026) ("Mosquera I"). On October 5, 2026, the immigration judge held a bond hearing and denied petitioner bond. (ECF No. 15-3.) Petitioner acknowledges he did not appeal this decision. (ECF No. 1 at 10.)

On October 19, 2026, petitioner filed the instant habeas petition in this district, his second habeas petition, challenging his continued detention. (ECF No. 1.) On October 19, 2026, petitioner filed a motion to appoint counsel and a motion for temporary restraining order. (ECF Nos. 3, 4.) On October 22, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings. (ECF No. 11.) On October 30, 2026, respondents filed a consolidated motion to dismiss and answer. (ECF No. 15.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

In the instant petition, petitioner challenges his continued detention based on the violation of due process, the Fourth Amendment, the Administrative Procedure Act, and the Accardi Doctrine. (ECF No. 1 at 6, 15-16.) Respondents contend that petitioner's second habeas petition and motion for a temporary restraining order should be dismissed where his claims regarding due process and the circumstances of his immigration detention could have been raised in the initial petition. (ECF No. 15 at 2.) Further, respondents argue that to the extent there were any procedural errors in his detention, they were remedied by the grant of a bond hearing in the first

habeas petition. (Id.) Petitioner does not respond to these contentions. (See Docket.)

### A. Successive Petition

There is no statutory prohibition on second or successive habeas corpus petitions filed pursuant to 28 U.S.C. 2241. Compare 28 U.S.C. § 2255(e); 28 U.S.C. § 2244(a), (b). However, the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011). The doctrine reaches only those claims a petitioner had a full and fair opportunity to raise earlier. See Eldridge v. Howard, 70 F.4th 543, 552 (9th Cir. 2023). A petitioner has no such opportunity where "[1] the claim was not yet ripe at the time of the first petition, or [2] where the alleged violation occurred only after the denial of the first petition." Alaimalo, 645 F.3d at 1049 (internal citation omitted). "[A] successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." Id.

The instant petition is subject to dismissal as a successive petition. The petition in Mosquera I raised a single due process claim regarding his ongoing detention. See Mosquera I, ECF No. 1 at 16-17, ¶ 49 ("Petitioner's ongoing prolonged detention without a hearing violates due process."). In the instant petition, petitioner alleges that his detention violates the Due Process Clause, the Fourth Amendment, the Administrative Procedures Act, and the Accardi doctrine. (ECF No. 1 at 6, 16-17.) However, as these claims challenge the circumstances of his May 11, 2026 arrest by ICE officers, he could have raised these claims in his initial petition. See Eldridge, 70 F.4th at 552. Moreover, the record shows that petitioner received a due process remedy for his claims in the form of the court-ordered bond hearing with a heightened burden of proof. (See Mosquera I, ECF No. 8.) Therefore, petitioner has not demonstrated cause for bringing a successive petition or that a fundamental miscarriage of justice would result from failing to consider his claims. See Reyes v. Warden of California City Det. Ctr., No. 1:26-cv-03747-DAD-AC, 2026 WL 1457377, at *1 (E.D. Cal. May 22, 2026) (dismissing petition where

"petitioner was previously granted habeas relief in the form of a substantive bond hearing being ordered and the case was closed.").

For these reasons, the Court finds that the petition is impermissibly successive and recommends that it be dismissed without prejudice.

**V. MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 15) be GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice;
3. Petitioner's motion for temporary restraining order (ECF No. 4) be DENIED as moot; and
4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

card8574.2241.imm/9